CARL DAVIS, PLAINTIFF, v. PURITY BAKERIES CORPORATION, DEFENDANT.

Decided July 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *William K. Flanagan.*

*Contra, John F. Ryan.*

Per Curiam.

This suit was brought to recover compensation for injuries received by the plaintiff, in a collision between a car in which he was riding and a truck belonging to the defendant corporation, and driven by its employe. The accident happened at the intersection of Park avenue and Fifteenth street in the city of East Orange, shortly after seven o'clock in the morning of December 20th, 1927. The automobile in which the plaintiff was riding was being driven by one McCarthy. Both the plaintiff and the driver were employed in Dietz's butcher shop in Belleville, and were on their way to that place when the collision occurred. The trial resulted in a verdict in favor of the plaintiff, the jury awarding him $12,500.

We are asked to set this verdict aside—first, because it is contrary to the weight of the evidence; secondly, because it is excessive.

Our consideration of the testimony satisfies us that the collision was due in large part, if not altogether, to the carelessness of the driver of the defendant corporation. But, assuming that McCarthy was partially to blame for the condition, that fact does not relieve the defendant from responsibility to the plaintiff for the injuries received by him, for he cannot be charged with the negligence of the driver of the car in which he was riding, unless he had control over him or they were engaged in a joint enterprise. Neither of these factors was present in the case now under consideration. It is suggested by counsel for the defendant that the plaintiff himself was guilty of negligence contributing to the accident. We find nothing in the evidence which justifies this contention.

The only other ground upon which a new trial is urged is that the verdict is excessive. We do not consider it to be so. Both legs of the plaintiff were broken; he suffered lacerations and bruises about his head and body; there was a comminuted fracture of the large bone of the left leg, just above the ankle joint, and a dislocation of that joint, which has resulted in a shortening of the leg about a quarter of an

inch, causing him to walk with a limp. Before the accident he was in fine physical condition and was earning $50 a week. Since the accident which, as has already been stated, occurred on the 20th of December, 1927, up to the date of the trial on the 19th of July, 1929, he was practically unable to do work of any kind. His physical condition still makes it impossible for him to earn anything like the amount of money which he did before the accident; and it is at least doubtful whether he will ever be able to do so in the future.

The rule to show cause will be discharged.